[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16175
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00010-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM JERRY AUGER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 8, 2010)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

William Jerry Auger appeals his 46-month sentence imposed after he pled

guilty to maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2). This is Auger's second appeal challenging the district court's finding as to the number of marijuana plants seized on Auger's property. After review, we affirm Auger's sentence.

## I. BACKGROUND

### A. Auger's First Appeal

Auger allowed others use land he leased to grow marijuana. When the marijuana growing operation was discovered, law enforcement agents executed a search warrant at Auger's property and seized the marijuana plants growing there.

At Auger's original sentencing, the government presented testimony of Drug Enforcement Administration ("DEA") Special Agent Stephen Tinsley, who inspected the seized plants three days after they were collected and counted. Tinsley testified that many of the plants he saw were "seedlings" in plastic trays, but that the reported 8,664-plant count appeared accurate within 1,000 plants. Based on Tinsley's testimony, the district court found that 8,664 plants were seized.

This Court vacated Auger's sentence and remanded for further fact finding as to the number of seedlings seized on Auger's property and whether those seedlings were "plants," within the meaning of U.S.S.G. § 2D1.1(c). United States

2

v. Auger, 338 F. App'x 823 (11th Cir. 2009). The commentary to § 2D1.1(c) defines a "plant" as "an organism having leaves and a readily observable root formation (e.g., a marihuana cutting having roots, a rootball, or root hairs is a marihuana plant)." U.S.S.G. § 2D1.1(c) cmt. n.17. We explained that, because Auger objected to the statement in the Presentence Investigation Report ("PSI") that 8,664 plants were seized on Auger's property, the government was required to produce evidence that the 8,664 plants seized had observable root formation. Agent Tinsley had not testified as to whether the "seedlings" he saw had observable root formation. Auger, 339 F. App'x at 831.

## B. Resentencing

At the resentencing hearing, the government presented testimony from Coffee County Sheriff's Department Detective James Hersey, who supervised the counting of the plants seized on Auger's property. Hersey stated that a Georgia Bureau of Investigation agent instructed his officers that each organism had to have rootballs, root hairs or a rooting system to qualify as a plant. Accordingly, only plants with existing root systems were counted. After his officers finished the count, Hersey recounted the plants and placed them in black plastic bags. Hersey counted 8,664 marijuana plants. Hersey did not count between 200 and 600 plants because they were too small. Hersey identified several photographs of the plants

3

seized from Auger's property. One photograph shows several small plants growing in trays, and two photographs show larger marijuana plants growing in the ground.

The government also called Agent Tinsley, who testified that after this Court vacated Auger's original sentence, he photographed what remained of the seized marijuana plants, including the root systems. Tinsley explained that when he first inspected the seized marijuana plants, they were stored in a blue Tupperware tub, garbage bags and brown sacks. At the time, Tinsley believed that the amount collected looked like it could have been 8,000 marijuana plants. Later, when Tinsley returned to photograph the plants, although much of the material had since rotted, Tinsley could still identify the plants' root systems. Tinsley clarified that at no time during his investigation did he observe any plants without a root system. The government introduced Tinsley's photographs, which showed, inter alia, a large blue container, four garbage bags of rotting plants, and close-ups of plants that have visible root material and soil.

Defendant Auger called Scott Harper, an evidence custodian with the Coffee County Sheriff's Department. Harper testified that several months after the seizure, he provided Agent Tinsley with samples of the marijuana plants in a paper bag for testing. Harper opined that, in his experience, marijuana plants one to two

inches tall typically do not have a root structure. When Auger asked Harper whether be believed the blue Tupperware container depicted in the government's photographs was large enough to store 8,664 marijuana plants, the district court sustained the government's objection and stated that the evidence was that the plants were stored in multiple containers, including boxes, bags and plastic bags.

Based on the evidence presented, the district court again found that Auger was accountable for 8,664 marijuana plants. The district court found that "the number of seized organisms that were seedlings were at least 8,664; and that the number of seized organisms that had readily observable root formations and met the definition of a plant were at least 8,664 plants." The district court calculated Auger's base offense level accordingly, which resulted in an advisory guidelines range of 46 to 57 months' imprisonment. The district court reimposed a 46-month sentence.

## II. DISCUSSION

On appeal, Auger argues that the district court's finding of 8,664 marijuana plants is clearly erroneous and, as a result, his 46-month sentence is procedurally unreasonable.[1]

---

[1]We review a district court's fact finding as to drug quantity for clear error. United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005). When that fact finding is based on the credibility of witnesses, "the resolution will almost never be clear error." Id. We review the reasonableness of a sentence under the abuse-of-discretion standard. Gall v. United States, 552

Although the Sentencing Guidelines are now advisory after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court must still calculate the advisory guidelines range correctly. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). A sentence based on a miscalculated advisory guidelines range or on clearly erroneous facts is procedurally unreasonable. See Gall, 552 U.S. at 51, 128 S. Ct. at 597.

When a defendant objects to a PSI's factual allegation "used in calculating his guideline sentence, such as drug amount, the government bears the burden of establishing the disputed fact by a preponderance of the evidence." Rodriguez, 398 F.3d at 1296. Although "[t]he preponderance of the evidence is a relaxed evidentiary standard," if the defendant has properly objected, the district court may not "sentence the defendant in the absence of sufficient evidence . . . ." Id. The district court's findings of fact at sentencing "may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." United States v. Saunders, 318 F.3d 1257, 1271 n.22 (11th Cir. 2003) (quotation marks omitted). A sentencing court may consider any evidence, including hearsay, regardless of its admissibility so long as it has sufficient indicia of reliability, the

U.S. 38, 46, 128 S. Ct. 586, 594 (2007).

6

district court makes explicit credibility findings and the defendant has an opportunity to rebut the evidence. United States v. Baker, 432 F.3d 1189, 1253 (11th Cir. 2005).

Here, the district court's finding that Auger's offense involved 8,664 marijuana plants is supported by Detective Hersey's testimony. Hersey testified that his officers counted 8,664 marijuana "plants" with observable root formations and that he then verified that count by recounting them himself. The district court credited Hersey's testimony, which was corroborated by Agent Tinsley's testimony that he saw root systems on the plants and the government's photographs of seized marijuana plants with visible roots.

Auger has given us no reason to disturb the district court's credibility finding. Auger points to Agent Tinsley's testimony that when he visited Auger's property three days after the seizure, he saw stalks and roots sticking out of the ground. We reject Auger's contention that this evidence shows that law enforcement cut down all the plants and left the roots. Furthermore, while some plants may have been cut down, Auger presented no evidence that these "cuttings" were counted by Detective Hersey and his officers. Thus, Agent Tinsley's testimony does not contradict Hersey's testimony that he counted only plants with roots.

7

Auger also contends that it was "patently impossible" for 8,664 marijuana plants with observable roots to be stored in the blue Tupperware container. However, the district court did not find that the officers stored all the plants in the blue container. To the contrary, as the district court noted during the sentencing hearing, Agent Tinsley testified that the seized plants were stored in multiple containers, including garbage bags and brown paper bags. Notably, Agent Tinsley's photographs show at least four garbage bags in addition to the blue container.

Finally, Auger contends that the government's photographs show "far less than 8,664 roots." However, none of the witnesses testified that the marijuana plants depicted in the government's photographs were all of the marijuana plants seized at Auger's property. And, the government was not required to photograph the root system of every marijuana plant in order to carry its burden.

We conclude that the district court did not clearly err in finding that Auger's offense involved 8,664 marijuana plants and properly calculated Auger's base offense level under U.S.S.G. § 2D1.1(c). Because the district court did not rely on clearly erroneous facts and did not miscalculate Auger's advisory guidelines range, Auger has not shown that his 46-month sentence is procedurally unreasonable.

**AFFIRMED.**